UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
JUAN ANGEL REYES VAZQUEZ,                     :
                                              :
                            Plaintiff,        :
                                              :   **MEMORANDUM DECISION AND**
            -against-                         :   **ORDER**
                                              :
WHEELS BAGELS INC. d/b/a Wheels               :   24-cv-8652 (BMC)
Bagels, and JOSE LUIS DOMINGUEZ,              :
                                              :
                            Defendants.       :
                                              :
----------------------------------------------------------- X

**COGAN**, District Judge.

This is a wage recovery action under the Fair Labor Standards Act and corresponding provisions of New York state law seeking, *inter alia*, unpaid wages for plaintiff's work as a cook, stock person, server, and cashier at defendants' restaurant. Defendants were properly served and the Clerk has entered their default under Fed. R. Civ. P. 55(a). Plaintiff has moved for a default judgment, and defendants have not responded to that either.

Plaintiff's submissions sufficiently satisfy the requirements for obtaining a default judgment. The complaint, which is deemed true as to its factual assertions regarding liability, show that he worked 6-7 days per week at 9 hours per day. He was paid a flat $15 per hour with no overtime. He has alternated his calculations between weeks where he worked 63 hours (7 days) and weeks where he worked 54 hours (6 days). This is sufficient to state a claim under the FLSA. See Herrera v. Comme des Garcons, Ltd., 84 F.4th 110, 115 (2d Cir. 2023).

Plaintiff has submitted a spread sheet extrapolating the various elements of damages available under the state and federal law and with some exceptions, those appear appropriate.

Minimum wages owed are $280.  Overtime wages owed based on time worked are $3517.50. Liquidated damages based on these amounts are $3797.50.

I disallow and dismiss plaintiff's claims for lack of the required wage notice statements and wage hiring notice under the Labor Law because he lacks Article III standing to maintain those claims.  See Deng v. Frequency Electronics, Inc., 640 F. Supp. 3d 255, 264-67 (E.D.N.Y. 2022).  He may reassert those claims in state court.

The Court also denies plaintiff prejudgment interest as the award of liquidated damages is more than sufficient to compensate him for the loss of the time value of money, and he has no claims under the NYLL for damages beyond those provided by the FLSA.  See McFarlane v. Harry's Nurses Registry, No. 17-cv-6350, 2020 WL 7186791, at *4 (E.D.N.Y. Dec. 7, 2020).

Plaintiff's claim for attorneys' fees in the amount of $7390 is allowed.  Mr. Cilenti's hourly rate of $400 per hour is reasonable considering his experience in these cases as well as being consistent with rates in this district, and the amount of time he put in, 17.4 hours, is also reasonable.  The paralegal charges of 4.3 hours at $100 per hour is appropriate.  Costs, consisting of the purchase of the index number and process server fees, in the amount of $558, are allowed.

Accordingly, plaintiff's motion for a default judgment is granted to the extent set forth above.  The Clerk is directed to enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of $15,543.

 **SO ORDERED.**

*Brian M. Cogan*<br>U.S.D.J.

Dated: Brooklyn, New York
       May 12, 2025